IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,787-01






EX PARTE WINSTON CLAY FRANCIONE, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS

CAUSE NUMBER CR10039 IN THE 355TH

JUDICIAL DISTRICT COURT HOOD COUNTY 



 


 Per curiam.



O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant was convicted of theft of service and was sentenced to a term of twenty-four months in a state jail facility. There was no direct appeal.

 In this application for a writ of habeas corpus, Applicant contends that his trial
counsel rendered ineffective assistance. Applicant alleges (1) that trial counsel forced him
to go to trial instead of allowing him to plead to a reduced misdemeanor theft charge and (2)
that trial counsel did not file a notice of appeal when timely requested to do so by Applicant.

 While the trial court has concluded that there are no controverted, previously
unresolved issues of fact material to the legality of Applicant's conviction, it is this Court's
opinion that additional information is needed before this Court can render a decision. 
Because this Court does not hear evidence, though, the trial court is the appropriate forum. 
Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960). Thus, the trial court shall
resolve these issues as set out in Article 11.07, Section 3(d), of the Texas Code of Criminal
Procedure in that the trial court shall supplement the record to this Court with an affidavit
from trial counsel that addresses Applicant's claims of ineffective assistance. The trial court
may also order depositions, interrogatories, or hold a hearing. In the appropriate case, the
trial court may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent, and Applicant desires to be
represented by counsel, the trial court shall then, pursuant to the provisions of Article 26.04
of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the hearing. 
 Following the receipt of additional information, the trial court shall determine: (1)
whether Applicant was entitled to an appeal; (2) whether Applicant was informed of his right
to an appeal if so entitled; (3) whether Applicant informed trial counsel or the trial court of
his desire to appeal; (4) whether Applicant was offered any plea agreement in this case and
if so the terms of any plea offer; and (5) whether counsel forced Applicant to refuse a plea
offer and to go to trial. The trial court shall also make any further findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
application for habeas corpus relief. 

 Further, because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d
at 294, this application for a post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issues shall be
accomplished by the trial court within 90 days of the date of this order. (1) A supplemental
transcript containing all affidavits and interrogatories or the transcription of the court
reporter's notes from any hearing or deposition along with the trial court's supplemental
findings of fact and conclusions of law, shall be returned to this Court within 120 days of the
date of this order. (2) 





DELIVERED: JUNE 21, 2006

DO NOT PUBLISH


 
1. [1] In the event any continuances are granted, copies of the order granting the
continuance shall be provided to this Court.
2. [2] Any extensions of this time period shall be obtained from this Court.